e so

**Fill in this information to identify the case:**

United States Bankruptcy Court for the:

Southern District of Texas
(State)

Case number *(if known)*: _____     Chapter __11__

☐ Check if this is an
amended filing

<u>Official Form 201</u>

# Voluntary Petition for Non-Individuals Filing for Bankruptcy

**04/20**

If more space is needed, attach a separate sheet to this form.  On the top of any additional pages, write the debtor's name and the case number (if known).  For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals*, is available.

| | | |
|---|---|---|
| 1. | **Debtor's Name** | **FMSA Inc.** |

| | | |
|---|---|---|
| 2. | **All other names debtor used in the last 8 years**<br><br>Include any assumed names, trade names, and *doing business as* names | **Fairmount Santrol Holdings Inc.**<br>**Fairmount Minerals Holdings, Inc.** |

| | | |
|---|---|---|
| 3. | **Debtor's federal Employer Identification Number** (EIN) | <u>27-3169962</u> |

**4. Debtor's address**

| Principal place of business | Mailing address, if different from principal place of business |
|---|---|
| **3 Summit Park Drive**<br>Number          Street | Number          Street |
| **Suite 700** | P.O. Box |
| **Independence**          **Ohio**   **44131**<br>City                              State      Zip Code | City                              State   Zip Code |
| | **Location of principal assets, if different from principal place of business** |
| **Cuyahoga County**<br>County | Number          Street |
| | City                              State   Zip Code |

| | | |
|---|---|---|
| 5. | **Debtor's website** (URL) | **www.coviacorp.com** |

**6. Type of debtor**

☒ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))

☐ Partnership (excluding LLP)

☐ Other. Specify: _____

Debtor      **FMSA Inc.**
_____   Case number _(if known)_ _____
        Name

---

**7.  Describe debtor's business**

A. _Check One:_

☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))

☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))

☐ Railroad (as defined in 11 U.S.C. § 101(44))

☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))

☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))

☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))

☒ None of the above

---

B. _Check all that apply:_

☐ Tax-exempt entity (as described in 26 U.S.C. § 501)

☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. § 80a-3)

☐ Investment advisor (as defined in 15 U.S.C. § 80b-2(a)(11))

---

C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See http://www.uscourts.gov/four-digit-national-association-naics-codes .
**2123 - Nonmetallic Mineral Mining and Quarrying**

---

**8.  Under which chapter of the Bankruptcy Code is the debtor filing?**

A debtor who is a "small business debtor" must check the first sub-box.  A debtor as defined in § 1182(1) who elects to proceed under subchapter V of chapter 11 (whether or not the debtor is a "small business debtor") must check the second sub-box.

_Check One:_

☐ Chapter 7

☐ Chapter 9

☒ Chapter 11.  _Check all that apply:_

☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D), and its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,725,625.  If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

☐ The debtor is a debtor as defined in 11 U.S.C. § 1182(1).  Its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $7,500,000 **and it chooses to proceed under Subchapter V of Chapter 11.** If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

☐ A plan is being filed with this petition.

☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

☐ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the _Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11_ (Official Form 201A) with this form**.**

☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.

☐ Chapter 12

---

**9.  Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**

If more than 2 cases, attach a separate list.

☒ No
☐ Yes.   District _____   When _____   Case number _____
                                                    MM/DD/YYYY

          District _____   When _____   Case number _____
                                                    MM/DD/YYYY

---

Debtor    **FMSA Inc.**      Case number *(if known)* _____
_____
Name

| | |
|---|---|
| **10. Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**<br><br>List all cases. If more than 1, attach a separate list. | ☐ No<br>☒ Yes.   Debtor   **See Rider 1**     Relationship   **Affiliate**<br><br>       District   **Southern District of Texas**<br><br>       When   **06/29/2020**<br>       Case number, if known _____    MM / DD / YYYY |

**11. Why is the case filed in *this* district?**

*Check all that apply:*

☐ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

☒ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

**12. Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

☒ No[1]

☐ Yes. Answer below for each property that needs immediate attention. Attach additional sheets if needed.

**Why does the property need immediate attention?** (*Check all that apply.*)

☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.

    What is the hazard? _____

☐ It needs to be physically secured or protected from the weather.

☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

☐ Other _____

**Where is the property?**

| _____ | _____ |
|---|---|
| Number | Street |

| _____ | _____ | _____ |
|---|---|---|
| City | State | Zip Code |

**Is the property insured?**

☐ No

☐ Yes.   Insurance agency _____

         Contact name _____

         Phone _____

---

### Statistical and administrative information

**13. Debtor's estimation of available funds**

*Check one:*

☒ Funds will be available for distribution to unsecured creditors.

☐ After any administrative expenses are paid, no funds will be available for distribution to unsecured creditors.

---

[1] The Debtors engage in the production of minerals used in the industrials and energy industries. Certain Debtors possess or operate certain real property where reclamation, water treatment, and similar efforts associated with these production operations are presently underway. The Debtors note that the term "imminent and identifiable hazard" is not defined in this form; however, the Debtors do not believe they own or possess any real or personal property that poses or is alleged to pose a threat of imminent and identifiable harm to public health or safety.

Debtor  **FMSA Inc.**                                               Case number *(if known)* _____
    Name

| 14. Estimated number of creditors[2] | ☐ 1-49<br>☐ 50-99<br>☐ 100-199<br>☐ 200-999 | ☒ 1,000-5,000<br>☐ 5,001-10,000<br>☐ 10,001-25,000 | ☐ 25,001-50,000<br>☐ 50,001-100,000<br>☐ More than 100,000 |
|---|---|---|---|

| 15. Estimated assets | ☐ $0-$50,000<br>☐ $50,001-$100,000<br>☐ $100,001-$500,000<br>☐ $500,001-$1 million | ☐ $1,000,001-$10 million<br>☐ $10,000,001-$50 million<br>☐ $50,000,001-$100 million<br>☐ $100,000,001-$500 million | ☐ $500,000,001-$1 billion<br>☒ $1,000,000,001-$10 billion<br>☐ $10,000,000,001-$50 billion<br>☐ More than $50 billion |
|---|---|---|---|

| 16. Estimated liabilities | ☐ $0-$50,000<br>☐ $50,001-$100,000<br>☐ $100,001-$500,000<br>☐ $500,001-$1 million | ☐ $1,000,001-$10 million<br>☐ $10,000,001-$50 million<br>☐ $50,000,001-$100 million<br>☐ $100,000,001-$500 million | ☐ $500,000,001-$1 billion<br>☒ $1,000,000,001-$10 billion<br>☐ $10,000,000,001-$50 billion<br>☐ More than $50 billion |
|---|---|---|---|

### Request for Relief, Declaration, and Signatures

**WARNING --**  Bankruptcy fraud is a serious crime.  Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both.  18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I have been authorized to file this petition on behalf of the debtor.

I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on   __06/29/2020__
                MM/ DD / YYYY

×  __/s/ Andrew D. Eich__                                    Andrew D. Eich
   Signature of authorized representative of debtor       Printed name

Title   __Authorized Signatory__

**18. Signature of attorney**

×  __/s/ Matthew D. Cavenaugh__                Date   __06/29/2020__
   Signature of attorney for debtor                              MM/DD/YYYY

__Matthew D. Cavenaugh__
Printed name

__JACKSON WALKER L.L.P.__
Firm name

__1401 McKinney Street, Suite 1900__
Number                            Street

__Houston__                                       __Texas__        __77010__
City                                                    State         ZIP Code

__(713) 752-4200__                           __mcavenaugh@jw.com__
Contact phone                               Email address

__24062656__                    __Texas__
Bar number                       State

---

2    The Debtors' estimated assets, liabilities, and number of creditors noted here are provided on a consolidated basis.

<table>
<tr><td colspan="2" style="background:black;color:white"><strong>Fill in this information to identify the case</strong>:</td></tr>
<tr><td colspan="2">United States Bankruptcy Court for the:<br> <strong>Southern District of Texas</strong><br>(State) </td></tr>
<tr><td>Case number <em>(if known):</em></td><td>_____ Chapter __11__</td></tr>
</table>

☐ Check if this is an
amended filing

### Rider 1
### Pending Bankruptcy Cases Filed by the Debtor and Affiliates of the Debtor

On the date hereof, each of the entities listed below (collectively, the "Debtors") filed a petition in the United States Bankruptcy Court for the Southern District of Texas for relief under chapter 11 of title 11 of the United States Code.  The Debtors have moved for joint administration of these cases under the case number assigned to the chapter 11 case of Covia Holdings Corporation.

- Covia Holdings Corporation
- Alpha Resins, LLC
- Best Sand Corporation
- Best Sand of Pennsylvania, Inc.
- Bison Merger Sub I, LLC
- Black Lab LLC
- Cheyenne Sand Corp.
- Construction Aggregates Corporation of Michigan, Inc.
- Covia Finance Company LLC
- Covia Specialty Minerals Inc.
- Fairmount Logistics LLC
- Fairmount Minerals, LLC
- Fairmount Santrol Inc.
- FML Resin, LLC
- FML Sand, LLC
- FML Terminal Logistics, LLC
- FMSA Inc.
- Mineral Visions Inc.
- Self-Suspending Proppant LLC
- Shakopee Sand LLC
- Specialty Sands, Inc.
- Standard Sand Corporation
- TechniSand, Inc.
- Wedron Silica Company
- West Texas Housing LLC
- Wexford Sand Co.
- Wisconsin Industrial Sand Company L.L.C.
- Wisconsin Specialty Sands, Inc.

**Fill in this information to identify the case:**

Debtor name  Covia Holdings Corporation, *et al.*

United States Bankruptcy Court for the: Southern District of Texas  TX

Case number *(If known):* _____ (State)

☐ Check if this is an amended filing

## Official Form 204

## Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 50 Largest Unsecured Claims and Are Not Insiders
                          12/15

A list of creditors holding the 50 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case. Include claims which the debtor disputes. Do not include claims by any person or entity who is an *insider*, as defined in 11 U.S.C. § 101(31). Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 50 largest unsecured claims.

| | Name of creditor and complete mailing address, including zip code | Name, telephone number and email address of creditor contact | Nature of claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of claim | | |
|---|---|---|---|---|---|---|---|
| | | | | | If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff [1] | Unsecured Claim |
| 1 | WELLS FARGO VENDOR FINANCIAL SERVICES, LLC ATTN: KEITH ANDERSON, SVP SALES 6250 N RIVER RD ROSEMONT, IL 60018 | WELLS FARGO VENDOR FINANCIAL SERVICES, LLC ATTN: KEITH ANDERSON, SVP SALES PHONE: 866-726-4714 FAX: EMAIL: Keith.W.Andersen@wellsfargo.com | Trade Debt | | | | $3,160,244 |
| 2 | TRINITY INDUSTRIES LEASING COMPANY ATTN: JIM WHITE, VP STRUCTURED FINANCE 2525 N. STEMMONS FWY. DALLAS, TX 75207 | TRINITY INDUSTRIES LEASING COMPANY ATTN: JIM WHITE, VP STRUCTURED FINANCE PHONE: 214-475-2604 FAX: 214-589-2515 EMAIL: jim.white@trin.net | Trade Debt | | | | $2,898,857 |
| 3 | CITIZENS ASSET FINANCE, INC. ATTN: JAY FRAZIER, SVP RAIL FINANCE 71 S. WACKER DR. 29TH FLOOR CHICAGO, IL 60606 | CITIZENS ASSET FINANCE, INC. ATTN: JAY FRAZIER, SVP RAIL FINANCE PHONE: 863-319-7317 FAX: 312-777-4003 EMAIL: verlin.frazier@citizensbank.com | Trade Debt | | | | $1,995,892 |
| 4 | BANC OF AMERICA LEASING & CAPITAL LLC ATTN: JAMES V. MORRIS, SENIOR VP COMMERCIAL EQUIPMENT FINANCE 135 S. LASALLE ST. CHICAGO, IL 60603 | BANC OF AMERICA LEASING & CAPITAL LLC ATTN: JAMES V. MORRIS, SENIOR VP COMMERCIAL EQUIPMENT FINANCE PHONE: 201-787-8326 FAX: EMAIL: james.v.morris@baml.com | Trade Debt | | | | $1,482,453 |

[1] The Debtors reserve the right to assert setoff and other rights with respect to any of the claims listed herein.

| | Name of creditor and complete mailing address, including zip code | Name, telephone number and email address of creditor contact | Nature of claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff [1] | Unsecured Claim |
| 5 | TRUIST BANK ATTN: JOHN SAYLOR MIDTOWN PLAZA 305 CHURCH AT NORTH HILLS ST. 10TH FLOOR RALEIGH, NC 27609 | TRUIST BANK ATTN: JOHN SAYLOR PHONE: 919-326-3121 FAX: EMAIL: John.Saylor@suntrust.com | Trade Debt | | | | $1,407,011 |
| 6 | RANGO, INC. ATTN: CURT WAISATH 4215 E MCDOWELL RD MESA, AZ 85215 | RANGO, INC. ATTN: CURT WAISATH PHONE: 480-729-6537 FAX: 866-726-0481 EMAIL: cwaisath@rangoinc.com | Trade Debt | | | | $1,132,642 |
| 7 | SMBC RAIL INVESTMENT LLC ATTN: MIKE MCCARTHY, SVP LEASING 300 S RIVERSIDE PLAZA SUITE 1925 CHICAGO, IL 60606 | SMBC RAIL INVESTMENT LLC ATTN: MIKE MCCARTHY, SVP LEASING PHONE: 312-259-4803 FAX: 312-559-4829 EMAIL: Mike.McCarthy@smbcrail.com | Trade Debt | | | | $1,008,829 |
| 8 | GREENBRIER LEASING COMPANY LLC ATTN: BRIAN COMSTOCK, CCO 1 CENTERPOINTE DR. SUITE 200 LAKE OSWEGO, OR 97035 | GREENBRIER LEASING COMPANY LLC ATTN: BRIAN COMSTOCK, CCO PHONE: 503-670-3121 FAX: 503-684-7553 EMAIL: brian.comstock@gbrx.com | Trade Debt | | | | $953,280 |
| 9 | ILLINOIS POWER MARKETING D/B/A HOMEFIELD ENERGY ATTN: PRESIDENT & GENERAL COUNSEL 1500 EASTPORT PLAZA COLLINSVILLE, IL 62234 | ILLINOIS POWER MARKETING D/B/A HOMEFIELD ENERGY ATTN: PRESIDENT & GENERAL COUNSEL PHONE: 866-694-1262 FAX: 888-354-9837 EMAIL: ContractLegal12@visraenergy.com | Trade Debt | | | | $933,827 |
| 10 | CONSTELLATION NEW ENERGY, INC. ATTN: PRESIDENT & GENERAL COUNSEL 9960 CORPORATE CAMPUS DRIVE LOUISVILLE, KY 40223 | CONSTELLATION NEW ENERGY, INC. ATTN: PRESIDENT & GENERAL COUNSEL PHONE: 410-244-7294 FAX: EMAIL: | Trade Debt | | | | $889,015 |
| 11 | GATX CORPORATION ATTN: PAUL TITTERTON, SVP AND COO RAIL NA 233 S. WACKER DRIVE CHICAGO, IL 60606 | GATX CORPORATION ATTN: PAUL TITTERTON, SVP AND COO RAIL NA PHONE: 312-621-6489 FAX: 312-499-7149 EMAIL: Paul.Titterton@gatx.com | Trade Debt | | | | $812,126 |
| 12 | MIDWEST RAILCAR CORPORATION ATTN: RICH MURPHY, PRESIDENT & CEO 855 S. ARBOR VITAE EDWARDSVILLE, IL 62025 | MIDWEST RAILCAR CORPORATION ATTN: RICH MURPHY, PRESIDENT & CEO PHONE: 618-288-2233 FAX: 618-692-5578 EMAIL: rmurphy@midwestrailcar.com | Trade Debt | | | | $801,338 |

| | Name of creditor and complete mailing address, including zip code | Name, telephone number and email address of creditor contact | Nature of claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
| --- | --- | --- | --- | --- | --- | --- | --- |
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff [1] | Unsecured Claim |
| 13 | MOTION INDUSTRIES, INC. ATTN: MARK BAKKE 1605 ALTON ROAD BIRMINGHAM, AL 35210 | MOTION INDUSTRIES, INC. ATTN: MARK BAKKE PHONE: 815-936-1012 FAX: 205-951-1172 EMAIL: Mark.Bakke@motion-ind.com | Trade Debt | | | | $720,867 |
| 14 | THE CIT GROUP/EQUIPMENT FINANCING, INC. ATTN: JOHN GLYNN, SVP RAIL 1211 AVENUE OF THE AMERICAS NEW YORK, NY 10036 | THE CIT GROUP/EQUIPMENT FINANCING, INC. ATTN: JOHN GLYNN, SVP RAIL PHONE: 518-482-3620 FAX: EMAIL: john.glynn@cit.com | Trade Debt | | | | $684,095 |
| 15 | TRANSLOAD SOLUTIONS, LLC ATTN: PAT MCCONNELL 630 COMMERCIAL AVENUE GREEN LAKE, WI 54941 | TRANSLOAD SOLUTIONS, LLC ATTN: PAT MCCONNELL PHONE: 920-294-0430 FAX: EMAIL: pat@flashtrucking.com | Trade Debt | | | | $568,221 |
| 16 | MITSUI RAIL CAPITAL LLC ATTN: DAN PENOVICH, PRESIDENT 1 S. WACKER DR. SUITE 3110 CHICAGO, IL 60606 | MITSUI RAIL CAPITAL LLC ATTN: DAN PENOVICH, PRESIDENT PHONE: 312-803-8860 FAX: 312-803-8890 EMAIL: dpenovich@mrc-rail.com | Trade Debt | | | | $541,390 |
| 17 | ALBAN TRACTOR CO., INC. ATTN: JENNIFER HORN 8531 PULASKI HIGHWAY BALTIMORE, MD 21237 | ALBAN TRACTOR CO., INC. ATTN: JENNIFER HORN PHONE: 410-686-7777 FAX: 410-780-3481 EMAIL: Jennifer.Horn@altorfer.com | Trade Debt | | | | $515,412 |
| 18 | CSX TRANSPORTATION, INC. ATTN: JAMES HELTZELL 500 WATER ST - J865 JACKSONVILLE, FL 32202 | CSX TRANSPORTATION, INC. ATTN: JAMES HELTZELL PHONE: 412-922-0521 FAX: EMAIL: james_heltzell@csx.com | Trade Debt | | | | $498,267 |
| 19 | A.J. MCDIRTT, INC. ATTN: JOHN LAWRENCE, PRESIDENT 1925 MAPLES RD STERLING, IL 61081 | A.J. MCDIRTT, INC. ATTN: JOHN LAWRENCE, PRESIDENT PHONE: 815-441-5495 FAX: 208-567-2706 EMAIL: john@ajmcdirtt.com | Trade Debt | | | | $493,102 |
| 20 | ROTEX GLOBAL LLC ATTN: ROBERT DIECKMAN, PRESIDENT 1230 KNOWLTON ST. CINCINNATI, OH 45223 | ROTEX GLOBAL LLC ATTN: ROBERT DIECKMAN, PRESIDENT PHONE: 513-541-1236 FAX: 513-541-4888 EMAIL: aburke@rotex.com | Trade Debt | | | | $484,595 |
| 21 | TWIN EAGLE SAND LOGISTICS, LLC ATTN: LANCE REED 8847 W. SAM HOUSTON PARKWAY N HOUSTON, TX 77040 | TWIN EAGLE SAND LOGISTICS, LLC ATTN: LANCE REED PHONE: 713-341-7300 FAX: 713-341-7324 EMAIL: lance.reed@twineagle.com | Trade Debt | | | | $433,632 |
| 22 | INFINITY TRANSPORTATION 2016-1 LLC ATTN: LEE MARTINI 1355 PEACHTREE ST. NE SUITE 750 SOUTH TOWER ATLANTA, GA 30309 | INFINITY TRANSPORTATION 2016-1 LLC ATTN: LEE MARTINI PHONE: 678-904-6315 FAX: 678-904-6311 EMAIL: lee.martini@gafg.com | Trade Debt | | | | $415,030 |

| | Name of creditor and complete mailing address, including zip code | Name, telephone number and email address of creditor contact | Nature of claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff [1] | Unsecured Claim |
| 23 | ORICA, INC ATTN: PRESIDENT & GENERAL COUNSEL 33101 EAST QUINCY AVENUE WATKINS, CO 80137 | ORICA, INC ATTN: PRESIDENT & GENERAL COUNSEL PHONE: 303-268-5000 FAX: 303-268-5250 EMAIL: NAMERICA@ORICA.COM | Trade Debt | | | | $406,878 |
| 24 | PACIFIC WESTERN BANK ATTN: KERI ALBERTS, VP CORPORATE ASSET FINANCE 10 SOUTH WACKER DR. SUITE 3400 CHICAGO, IL 60606 | PACIFIC WESTERN BANK ATTN: KERI ALBERTS, VP CORPORATE ASSET FINANCE PHONE: 312-706-2117 FAX: 310-862-4536 EMAIL: kalberts@pacwest.com | Trade Debt | | | | $335,227 |
| 25 | PLASTICS ENGINEERING COMPANY ATTN: VINCE KARLS 3518 LAKESHORE ROAD SHEBOYGAN, WI 53083 | PLASTICS ENGINEERING COMPANY ATTN: VINCE KARLS PHONE: 920-458-2121 FAX: 920-458-1923 EMAIL: vkarls@plenco.com | Trade Debt | | | | $311,645 |
| 26 | THE RAILROAD ASSOCIATES CORPORATION ATTN: DAVE GORETSKI, CFO 4444 CARLISLE PIKE SUITE A CAMP HILL, PA 17011 | THE RAILROAD ASSOCIATES CORPORATION ATTN: DAVE GORETSKI, CFO PHONE: 603-860-8698 FAX: 717-920-6605 EMAIL: dgoretski@railroadtrac.com | Trade Debt | | | | $305,126 |
| 27 | AMERICAN COMMERCIAL BARGE LINE LLC ATTN: BEN BROYLES 1701 EAST MARKET ST. JEFFERSONVILLE, IN 47130 | AMERICAN COMMERCIAL BARGE LINE LLC ATTN: BEN BROYLES PHONE: 504-919-1432 FAX: EMAIL: ben.broyles@bargeacbl.com | Trade Debt | | | | $291,266 |
| 28 | WOODS DIRT CONTRACTORS, INC ATTN: DAVID BROWNING 2200 N BROADWAY AVE ADA, OK 74820 | WOODS DIRT CONTRACTORS, INC ATTN: DAVID BROWNING PHONE: 580-436-0666 FAX: 580 332-7554 EMAIL: david.browning@woodplc.com | Trade Debt | | | | $290,461 |
| 29 | DUKE ENERGY PROGRESS INC ATTN: WADE JACKSON 526 N CHURCH ST. CHARLOTTE, NC 28202 | DUKE ENERGY PROGRESS INC ATTN: WADE JACKSON PHONE: 910-944-5360 FAX: EMAIL: wade.jackson@duke-energy.com | Trade Debt | | | | $289,174 |
| 30 | ARR-MAZ CUSTOM CHEMICAL ATTN: DAVE KESELICA, CHIEF EXECUTIVE OFFICER 4800 STATE ROAD 60 EAST MULBERRY, FL 33860 | ARR-MAZ CUSTOM CHEMICAL ATTN: DAVE KESELICA, CHIEF EXECUTIVE OFFICER PHONE: 863-578-1206 FAX: 863-425-5389 EMAIL: THEWETT@AM-CC.COM | Trade Debt | | | | $252,592 |
| 31 | BUCKLEY POWDER CO. ATTN: STEVE BUCKLEY, PRESIDENT 42 INVERNESS DRIVE EAST ENGLEWOOD, CO 80112 | BUCKLEY POWDER CO. ATTN: STEVE BUCKLEY, PRESIDENT PHONE: 303-350-5125 FAX: 303-790-7033 EMAIL: AR@BUCKLEYPOWDER.COM | Trade Debt | | | | $250,515 |

4

| | Name of creditor and complete mailing address, including zip code | Name, telephone number and email address of creditor contact | Nature of claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of claim | | |
|---|---|---|---|---|---|---|---|
| | | | | If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff [1] | Unsecured Claim |
| 32 | C & H ELECTRIC CONSTRUCTION, INC ATTN: PRESIDENT & GENERAL COUNSEL 104 1ST STREET TONICA, IL 61370 | C & H ELECTRIC CONSTRUCTION, INC ATTN: PRESIDENT & GENERAL COUNSEL PHONE: 815-488-9023 FAX: 815-442-3513 EMAIL: brian_chec@hotmail.com | Trade Debt | | | | $247,494 |
| 33 | K-M MACHINE CO., INC. ATTN: KELLY KELLAM 275 SEDBERRY RD BISCOE, NC 27209 | K-M MACHINE CO., INC. ATTN: KELLY KELLAM PHONE: 910-428-2368 FAX: 910-428-9186 EMAIL: kkellam@kmmachineco.com | Trade Debt | | | | $233,056 |
| 34 | LASALLE COUNTY TRANSFER LLC ATTN: JOSH VOSS 400 OLD NORTH ROAD SPRING VALLEY, IL 61362 | LASALLE COUNTY TRANSFER LLC ATTN: JOSH VOSS PHONE: 815-712-6550 FAX: EMAIL: lctllc14@gmail.com | Trade Debt | | | | $222,918 |
| 35 | GERKE EXCAVATING INC. ATTN: KURT THORNTON 15341 STATE HWY 131 TOMAH, WI 54660 | GERKE EXCAVATING INC. ATTN: KURT THORNTON PHONE: 608-372-4203 FAX: EMAIL: klt@gerkeexcavating.com | Trade Debt | | | | $198,090 |
| 36 | NORFOLK SOUTHERN RAILWAY COMPANY ATTN: TIM BUTT, DIRECTOR OF SALES THREE COMMERCIAL PLACE NORFOLK, VA 23510 | NORFOLK SOUTHERN RAILWAY COMPANY ATTN: TIM BUTT, DIRECTOR OF SALES PHONE: 757-373-0685 FAX: 404-877-0345 EMAIL: tim.butt@nscorp.com | Trade Debt | | | | $195,007 |
| 37 | PRAIRIE TRANSPORTATION INC. ATTN: SEAN SMITH 110 E MAIN ST SUITE 320 OTTAWA, IL 61350 | PRAIRIE TRANSPORTATION INC. ATTN: SEAN SMITH PHONE: 815-640-9029 FAX: EMAIL: sean.smith@prairietrans.com | Trade Debt | | | | $187,817 |
| 38 | MANSFIELD OIL COMPANY ATTN: SHEA KEEGAN 1025 AIRPORT PARKWAY, S.W. GAINSVILLE, GA 30501 | MANSFIELD OIL COMPANY ATTN: SHEA KEEGAN PHONE: 678-207-2571 FAX: 678-207-3047 EMAIL: skeegan@mansfieldoil.com | Trade Debt | | | | $187,038 |
| 39 | MARQUETTE TRANSPORTATION FINANCE ATTN: RANDY PLOTNER, VP OF BUSINESS DEVELOPMENT 1995 RANGER HWY WEATHERFORD, TX 76088 | MARQUETTE TRANSPORTATION FINANCE ATTN: RANDY PLOTNER, VP OF BUSINESS DEVELOPMENT PHONE: 651-353-2653 FAX: EMAIL: Randy.Plotner@1845.com | Trade Debt | | | | $150,982 |
| 40 | UNION INDUSTRIAL CONTRACTORS, INC ATTN: RYAN COCHRAN 1800 E. 21ST ASHTABULA, OH 44004 | UNION INDUSTRIAL CONTRACTORS, INC ATTN: RYAN COCHRAN PHONE: 440-998-7871 FAX: 440-998-0026 EMAIL: ryancochran@uicconstruction.com | Trade Debt | | | | $150,000 |

| | Name of creditor and complete mailing address, including zip code | Name, telephone number and email address of creditor contact | Nature of claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
| --- | --- | --- | --- | --- | --- | --- | --- |
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff [1] | Unsecured Claim |
| 41 | BIOURJA NEW TOWN TERMINAL, LLC ATTN: CASEY CARMODY 1080 ELDRIDGE PARKWAY SUITE 1175 HOUSTON, TX 77077 | BIOURJA NEW TOWN TERMINAL, LLC ATTN: CASEY CARMODY PHONE: 832-775-9062 FAX: EMAIL: casey.carmidy@biourja.com | Trade Debt | | | | $148,964 |
| 42 | PROGRESS RAIL LEASING CORPORATION ATTN: MICHAEL MACMAHON 522 W. FOXDALE LN ARLINGTON HEIGHTS, IL 60004 | PROGRESS RAIL LEASING CORPORATION ATTN: MICHAEL MACMAHON PHONE: 847-814-1588 FAX: EMAIL: mmacmahon@progressrail.com | Trade Debt | | | | $143,198 |
| 43 | PALMETTO MINING INC ATTN: ANGEL LOUCKS PO BOX 6550 NORTH AUGUSTA, SC 29861 | PALMETTO MINING INC ATTN: ANGEL LOUCKS PHONE: 903-714-0185 FAX: EMAIL: aloucks@palmettomining.com | Trade Debt | | | | $142,825 |
| 44 | INMAN ELECTRIC COMPANY, INC. ATTN: JIM BOLELLI 314 CIVIC ROAD LA SALLE, IL 61301 | INMAN ELECTRIC COMPANY, INC. ATTN: JIM BOLELLI PHONE: 815-223-2288 FAX: 815-223-7108 EMAIL: jimbolelli@comcast.net | Trade Debt | | | | $138,055 |
| 45 | CERCO, INC ATTN: PRESIDENT & GENERAL COUNSEL 453 W MCCONKEY ST SHREVE, OH 44676 | CERCO, INC ATTN: PRESIDENT & GENERAL COUNSEL PHONE: 330-567-2145 FAX: 330-915-4925 EMAIL: engl*ish@cercollc.com | Trade Debt | | | | $136,785 |
| 46 | COMMERCIAL PACKAGING ATTN: SCOTT BREKKEN 2047 IRELAND GROVE ROAD BLOOMINGTON, IL 61701 | COMMERCIAL PACKAGING ATTN: SCOTT BREKKEN PHONE: 952-473-1582 FAX: EMAIL: sbrekken@commercialpackaging.com | Trade Debt | | | | $130,802 |
| 47 | LAMBERT & CO DRILLING ATTN: BRUCE LAMBERT PO BOX 2007 MT. MORRIS, IL 61054-2007 | LAMBERT & CO DRILLING ATTN: BRUCE LAMBERT PHONE: 815-626-7645 FAX: 815-284-8909 EMAIL: lambdrill6@aol.com | Trade Debt | | | | $130,339 |
| 48 | CATERPILLAR FINANCIAL SERVICES CORPORATION ATTN: DAVID FERRO 2120 WEST END AVE. NASHVILLE, TN 37203 | CATERPILLAR FINANCIAL SERVICES CORPORATION ATTN: DAVID FERRO PHONE: 615-341-1047 FAX: 615-321-8486 EMAIL:  David.Ferro@cat.com | Trade Debt | | | | $128,025 |
| 49 | PINE KNOLL CONSTRUCTION COMPANY ATTN: AMBER JENKINS 115 JEFFS WAY CLEAR BROOK, VA 22624 | PINE KNOLL CONSTRUCTION COMPANY ATTN: AMBER JENKINS PHONE: 540-667-3092 FAX: EMAIL: Amber@pineknollconstruction.com | Trade Debt | | | | $127,049 |

| | Name of creditor and complete mailing address, including zip code | Name, telephone number and email address of creditor contact | Nature of claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
| --- | --- | --- | --- | --- | --- | --- | --- |
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff [1] | Unsecured Claim |
| 50 | UNITED RENTAL, INC. ATTN: BRIAN JAMES 100 FIRST STAMFORD PLACE SUITE 700 STAMFORD, CT 6902 | UNITED RENTAL, INC. ATTN: BRIAN JAMES PHONE: 203-622-3131 FAX: 203-622-6080 EMAIL: bjames.@ur.com | Trade Debt | | | | $126,902 |

# IN THE UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF TEXAS
### HOUSTON DIVISION

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| FMSA INC., | ) | Case No. 20-_____(___) |
|  | ) |  |
| Debtor. | ) |  |
|  | ) |  |

## LIST OF EQUITY SECURITY HOLDERS[1]

| Debtor | Equity Holders | Address of Equity Holder | Percentage of Equity Held |
|---|---|---|---|
| FMSA Inc. | Bison Merger Sub I, LLC | 3 Summit Park Drive Suite 700 Independence, OH 44131 | 100% |

---

[1] This list serves as the disclosure required to be made by the debtor pursuant to rule 1007 of the Federal Rules of Bankruptcy Procedure. All equity positions listed indicate the record holder of such equity as of the date of commencement of the chapter 11 case.

**IN THE UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| FMSA INC., | ) | Case No. 20-_____(___) |
|  | ) |  |
| Debtor. | ) |  |
|  | ) |  |

**<u>CORPORATE OWNERSHIP STATEMENT</u>**

Pursuant to rules 1007(a)(1) and 7007.1 of the Federal Rules of Bankruptcy Procedure, the following are corporations, other than a government unit, that directly or indirectly own 10% or more of any class of the debtor's equity interest:

| Shareholder | Approximate Percentage of Shares Held |
|---|---|
| Bison Merger Sub I, LLC | 100% |

Fill in this information to identify the case and this filing:

| | |
|---|---|
| Debtor Name | **FMSA Inc.** |
| United States Bankruptcy Court for the: | Southern District of Texas |
| | (State) |
| Case number (If known): | |

## Official Form 202

# Declaration Under Penalty of Perjury for Non-Individual Debtors        12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.

WARNING -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

### Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

☐ *Schedule A/B: Assets-Real and Personal Property (Official Form 206A/B)*

☐ *Schedule D: Creditors Who Have Claims Secured by Property (Official Form 206D)*

☐ *Schedule E/F: Creditors Who Have Unsecured Claims (Official Form 206E/F)*

☐ *Schedule G: Executory Contracts and Unexpired Leases (Official Form 206G)*

☐ *Schedule H: Codebtors (Official Form 206H)*

☐ *Summary of Assets and Liabilities for Non-Individuals (Official Form 206Sum)*

☐ Amended Schedule

☒ *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 50 Largest Unsecured Claims and Are Not Insiders (Official Form 204)*

☒ Other document that requires a declaration_____        **List of Equity Security Holders and Corporate Ownership Statement**_____

I declare under penalty of perjury that the foregoing is true and correct.

Executed on

| | |
|---|---|
| **06/29/2020** | ☒ */s/ Andrew D. Eich* |
| MM/ DD/YYYY | Signature of individual signing on behalf of debtor |
| | **Andrew D. Eich** |
| | Printed name |
| | **Authorized Signatory** |
| | Position or relationship to debtor |

**Official Form 202**                    **Declaration Under Penalty of Perjury for Non-Individual Debtors**

# COVIA HOLDINGS CORPORATION
## SECRETARY'S CERTIFICATE

June 29, 2020

The undersigned, Chadwick P. Reynolds, as Secretary of Covia Holdings Corporation (the "Company") hereby certifies, solely in his capacity as Secretary of the Company and not in any individual capacity, as follows:

1.  I am the duly qualified and elected Secretary of the Company and, as such, I am familiar with the facts herein certified and I am duly authorized to certify the same on behalf of the Company.

2.  Attached hereto is a true, complete, and correct copy of the resolutions of the Board of Directors of the Company, duly adopted at a properly convened meeting of the Board of Directors on June 29, 2020 (the "Resolutions").

3.  Since their adoption, the Resolutions have not been modified, rescinded, or amended and are in full force and effect as of the date hereof, and the Resolutions are the only resolutions adopted by the Board of Directors relating to the authorization and ratification of all corporate actions taken in connection with the matters referred to therein.

*[Signature page follows]*

KE 69585123

IN WITNESS WHEREOF, have hereunto set my hand on behalf of the Company as of the date hereof.

Covia Holdings Corporation,
with respect to its Board of Directors

By: _____

Name: Chadwick P. Reynolds

Title: Executive Vice President,
Chief Legal Officer, and Secretary

**RESOLUTIONS FOR CONSIDERATION**
**BY THE**
**BOARD OF DIRECTORS**
**OF**
**COVIA HOLDINGS CORPORATION**
**ON**
**JUNE 29, 2020**

WHEREAS, pursuant to notice duly given, a telephonic meeting (the "Meeting") of the members of the Board of Directors (the "Board") of Covia Holdings Corporation, a Delaware corporation (the "Company"), who are not affiliated with SCR-Sibelco NV (the "Non-Sibelco Directors"), on behalf of the Company and the direct and indirect subsidiaries identified on **Schedule 1** attached hereto (together with the Company, the "Filing Entities"), was convened on June 29, 2020;

WHEREAS, after it was confirmed that the Meeting was duly convened, those participating could hear each other, and a quorum of the Board was in attendance, the Meeting was called to order;

WHEREAS, a requisite number of the members of the Board, constituting a quorum, participated throughout the Meeting;

WHEREAS, the Board has reviewed and considered presentations by the Company's management (the "Management") and financial and legal advisors (collectively, the "Advisors") regarding the liabilities and liquidity of each Filing Entity, the strategic alternatives available to the Filing Entities, and the effect of the foregoing on each Filing Entity's business;

WHEREAS, the Board has reviewed and considered (a) the presentations by Management on June 29, 2020, and the recommendation by Management that the Filing Entities enter into that certain restructuring support agreement provided to the Board (together with all exhibits thereto, the "Restructuring Support Agreement"); (b) the advantages and disadvantages of the restructuring transactions contemplated by the Restructuring Support Agreement; and (c) the information and advice previously provided to and reviewed by the Board;

WHEREAS, the Company negotiated the Restructuring Support Agreement with an ad hoc group of the Company's senior secured term loan lenders in good faith and at arm's-length;

WHEREAS, the Consenting Stakeholders (as such term is defined in the Restructuring Support Agreement) have agreed to the Company's use of cash collateral (as such term is defined in 11 U.S.C. § 363(a)), which is security for the Secured Creditors (as defined herein);

WHEREAS, the Restructuring Support Agreement contains a "fiduciary out" provision; and

WHEREAS, the Board has consulted with Management and the Advisors and has fully considered each of the strategic alternatives available to the Filing Entities.

NOW, THEREFORE, the Board adopts and approves the following recitals and resolutions (collectively, the "Resolutions") and takes the following actions pursuant to the Delaware General Corporation Law and the Company's organizational documents:

## APPROVAL OF MINUTES

RESOLVED, the minutes of the June 10, 2020, June 16, 2020, and June 22, 2020, Board meetings are hereby approved, and the Secretary is directed to put them in the Board's minute book.

## APPROVAL OF ENTRY INTO THE RESTRUCTURING SUPPORT AGREEMENT

WHEREAS, in the judgment of the Board, it is desirable and in the best interests of the Filing Entities, their creditors, and other parties in interest, that each Filing Entity enter into the Restructuring Support Agreement and consummate the transactions contemplated thereby.

NOW, THEREFORE, BE IT RESOLVED, that the Board hereby authorizes and approves (a) the form, terms, and provisions of the Restructuring Support Agreement, substantially in the form provided to the Board; (b) the transactions contemplated by the Restructuring Support Agreement; and (c) each Filing Entity's entry into and performance of its respective obligations under the Restructuring Support Agreement; and it is

FURTHER RESOLVED, that the President and Chief Executive Officer, Chief Financial Officer, Chief Operating Officer, Chief Legal Officer and Secretary, any Executive Vice President, any Vice President, or any other duly appointed officer of any Filing Entity (collectively, the "Authorized Officers"), acting alone or together, are hereby authorized, empowered and directed to execute and deliver the Restructuring Support Agreement on behalf of each Filing Entity, substantially in the form approved, with such changes therein and modifications or amendments thereto as the Authorized Officers may in their sole discretion approve, which approval shall be conclusively evidenced by the execution thereof by the Authorized Officer.

## TERMINATION OF THE RECEIVABLES FACILITY

WHEREAS, the Company entered into a accounts receivable securitization facility ("Receivables Facility") in connection with which (a) certain direct and indirect subsidiaries of the Company (the "Sub-Originators") sell all accounts receivable, other than any excluded receivables, generated during the term of the Receivables Facility (together with the Company's own accounts receivable, collectively, the "Receivables") and related security and collections to the Company, pursuant to a sub-originator purchase and sale agreement among the Company and the Sub-Originators, and certain intercompany loan agreements; (b) the Company sells and contributes the Receivables and related security and collections to Covia Financing LLC ("Covia Financing"), a special purpose wholly-owned subsidiary of the Company, pursuant to a purchase and sale agreement between the Company and Covia Financing; and (c) the Company and Covia Financing are parties to that certain receivables financing agreement, dated March 31, 2020, by and among Covia Financing, as borrower, PNC Bank, National Association, as administrative agent and LC bank, the Company, as initial servicer, the lenders from time to time party thereto, and PNC Capital Markets LLC, as structuring agent (together with any and all exhibits, schedules and

annexes thereto, the "RFA," and together with any and all other agreements governing or relating to the Receivables Facility, including any deposit account control agreements, collectively, the "Securitization Agreements").

WHEREAS, the Company obtained eight letters of credit under the Receivables Facility, in the aggregate face amount of $36,975,044.09, which remain outstanding as of the date hereof (the "Outstanding Letters of Credit");

WHEREAS, it has been proposed that the Company enter into a payoff and reassignment agreement (together with any and all exhibits, schedules and annexes thereto, collectively, the "Payoff Agreement"), to be dated on or about June 30, 2020, substantially in the form provided to the Board, by and among the Company, Covia Financing, each of the Sub-Originators, PNC Bank, National Association and PNC Capital Markets LLC, pursuant to which the Receivables Facility and the Securitization Agreements shall terminate and the Outstanding Letters of Credit shall be transferred to (and thereafter governed by) the Reimbursement Agreement (as defined below), as set forth in the Payoff Agreement; and

WHEREAS, the Board has determined that it is advisable and in the best interest of the Company to terminate the Receivables Facility and the Securitization Agreements pursuant to the Payoff Agreement.

NOW, THEREFORE, BE IT RESOLVED, that the form, terms, conditions, and provisions of the Payoff Agreement, together with any other documents referenced therein or required thereby to which the Company is or will become a party (collectively, the "Ancillary Documents") and the Company's termination of the Receivables Facility and the Securitization Agreements be, and hereby are, in all respects, authorized and approved; and it is

FURTHER RESOLVED, that the Authorized Officers, acting alone or together, are hereby authorized, empowered and directed to terminate the Receivables Facility and the Securitization Agreements and execute and deliver the Payoff Agreement and the Ancillary Documents in the name and on behalf of the Company and each of the Sub-Originators, substantially in the form provided to the Board, with such changes, additions, deletions, amendments or modifications therein as the Authorized Officer executing the Payoff Agreement and the Ancillary Documents may approve, which approval shall be conclusively evidenced by such Authorized Officer's execution thereof.

**APPROVAL OF THE REIMBURSEMENT AGREEMENT**

WHEREAS, it has been proposed that the Company enter into a reimbursement agreement for cash-collateralized standby letters of credit (together with any and all exhibits, schedules and annexes thereto, collectively, the "Reimbursement Agreement"), to be dated on or about June 30, 2020, substantially in the form provided to the Board, by and among Covia Financing, the Company, and PNC Bank, National Association; and

WHEREAS, the Board has determined that the terms and conditions of the Reimbursement Agreement are fair and that it is advisable and in the best interest of the Company to enter into, deliver, and perform its obligations under the Reimbursement Agreement.

NOW, THEREFORE, BE IT RESOLVED, that the form, terms, conditions and provisions of the Reimbursement Agreement and the Company's entry into, delivery, and performance of its obligations under the Reimbursement Agreement be, and hereby are, in all respects, authorized and approved; and it is

FURTHER RESOLVED, that the Authorized Officers, acting alone or together, are hereby authorized, empowered and directed to execute and deliver the Reimbursement Agreement in the name and on behalf of the Company, substantially in the form approved, with such changes, additions, deletions, amendments or modifications therein as the Authorized Officer executing the Reimbursement Agreement may approve, which approval shall be conclusively evidenced by such Authorized Officer's execution thereof.

## APPROVAL OF ENTRY INTO LETTERS OF INTENT WITH CERTAIN RAILCAR LEASE COUNTERPARTIES

WHEREAS, it has been proposed that the Company enter into binding letters of intent (collectively, the "Letters of Intent"; and each, a "Letter of Intent") with the counterparties to certain railcar lease agreements to which certain of the Filing Entities are party (collectively, the "Counterparties"; and each, a "Counterparty");

WHEREAS, each Letter of Intent sets forth the material terms of an amended and restated lease agreement between the Counterparty identified therein and the applicable Filing Entities and represents the basis on which such Counterparty and the Company will proceed towards the consummation of a definitive amended and restated lease agreement;

WHEREAS, each such definitive amended and restated lease agreement will supersede any and all existing railcar lease or acquisition arrangements between the Counterparty identified therein (and its affiliates), on the one hand, and the applicable Filing Entities (and their affiliates), on the other hand; and

WHEREAS, the Board has determined that it is advisable and in the best interest of the Company to enter into the Letters of Intent and consummate the definitive amended and restated lease agreements contemplated thereby.

NOW, THEREFORE, BE IT RESOLVED, that the Board hereby authorizes and approves (a) the form, terms, and provisions of each Letter of Intent, substantially in the form provided to the Board; (b) the transactions contemplated by each Letter of Intent; and (c) the Company's entry into and performance of its obligations under each Letter of Intent; and it is

FURTHER RESOLVED, that the Authorized Officers, acting alone or together, are hereby authorized and empowered to execute and deliver each Letter of Intent in the name and on behalf of the Company, substantially in the form approved, with such changes, additions, deletions, amendments or modifications therein as the Authorized Officer executing the Letter of Intent may approve, which approval shall be conclusively evidenced by such Authorized Officer's execution thereof.

**CHAPTER 11 FILING**

RESOLVED, that in the judgment of the Board, it is desirable and in the best interests of the Filing Entities, their creditors, and other parties in interest, that each Filing Entity shall be, and hereby is, authorized to file or cause to be filed a voluntary petition for relief commencing a case (the "Chapter 11 Cases") under the provisions of chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of Texas (the "Bankruptcy Court") or other court of competent jurisdiction; and it is

FURTHER RESOLVED, that the Authorized Officers, acting alone or with one or more other Authorized Officers be, and each of them hereby is, authorized, empowered, and directed to execute and file on behalf of the Filing Entities all petitions, schedules, lists, and other motions, papers, or documents (including the filing of financing statements), and to take any and all action that they deem necessary, appropriate, or desirable to obtain such relief, including, without limitation, any action necessary, appropriate, or desirable to maintain the ordinary course operation of the Filing Entities' businesses.

**CASH COLLATERAL AND ADEQUATE PROTECTION**

RESOLVED, that the Filing Entities will obtain benefits from the use of collateral, including cash collateral, as that term is defined in section 363(a) of the Bankruptcy Code (the "Cash Collateral"), which is security for the Filing Entities' obligations under that certain Credit and Guaranty Agreement (the "Term Loan Agreement"), dated as of June 1, 2018, by and among the Company, as borrower, certain direct and indirect subsidiaries of the Company, as guarantors, the administrative and collateral agent thereunder (the "Term Loan Agent"), and the lenders party thereto from time to time (the "Prepetition Term Lenders," and together with the Term Loan Agent and the other Secured Parties (as defined in the Term Loan Agreement), collectively, the "Secured Creditors") pursuant to that certain Pledge and Security Agreement, dated as of June 1, 2018, by and among the Filing Entities, as grantors, and the collateral agent thereunder; and it is

FURTHER RESOLVED, that in order to use and obtain the benefits of the Cash Collateral, and in accordance with section 363 of the Bankruptcy Code, the Filing Entities will provide certain adequate protection to the Secured Creditors (the "Adequate Protection Obligations"), as documented in a proposed interim order (the "Cash Collateral Order") and submitted for approval to the Bankruptcy Court; and it is

FURTHER RESOLVED, that the form, terms, and provisions of the Cash Collateral Order to which the Filing Entities are or will be subject, and the actions and transactions contemplated thereby be, and hereby are authorized, adopted, and approved, and each of the Authorized Officers of any Filing Entity be, and hereby is, authorized and empowered, in the name of and on behalf of the Filing Entities, to take such actions and negotiate or cause to be prepared and negotiated and to execute, deliver, perform, and cause the performance of, the Cash Collateral Order; and it is

FURTHER RESOLVED, that the Filing Entities, as debtors and debtors in possession under the Bankruptcy Code be, and hereby are, authorized to incur the Adequate Protection

Obligations and to undertake any and all related transactions on substantially the same terms as contemplated under the Cash Collateral Order, including granting liens on their respective assets to secure such obligations.

**RETENTION OF PROFESSIONALS**

RESOLVED, that each of the Authorized Officers be, and hereby is, authorized and directed to employ the law firm of Kirkland & Ellis LLP and Kirkland & Ellis International LLP (together, "Kirkland"), as counsel, to represent and assist the Filing Entities in carrying out their duties under the Bankruptcy Code and to take any and all actions to advance the Filing Entities' rights and remedies, including filing any motions, objections, replies, applications, or pleadings and conducting any potential sale process on behalf of the Filing Entities; and, in connection therewith, each of the Authorized Officers, with power of delegation, is hereby authorized and directed to execute appropriate retention agreements, to pay appropriate retainers, and to cause to be filed an appropriate application for authority to retain Kirkland in accordance with applicable law; and it is

FURTHER RESOLVED, that each of the Authorized Officers be, and hereby is, authorized and directed to employ the law firm of Jackson Walker LLP ("Jackson Walker"), as co-bankruptcy counsel, to represent and assist the Filing Entities in carrying out their duties under the Bankruptcy Code and to take any and all actions to advance the Filing Entities' rights and remedies, including filing any motions, objections, replies, applications, or pleadings and conducting any potential sale process on behalf of the Filing Entities; and, in connection therewith, each of the Authorized Officers, with power of delegation, is hereby authorized and directed to execute appropriate retention agreements, to pay appropriate retainers, and to cause to be filed an appropriate application for authority to retain Jackson Walker in accordance with applicable law; and it is

FURTHER RESOLVED, that each of the Authorized Officers be, and hereby is, authorized and directed to employ the firm of PJT Partners LP ("PJT"), as investment banker, to represent and assist the Filing Entities in carrying out their duties under the Bankruptcy Code, and to take any and all actions to advance the Filing Entities' rights and remedies; and, in connection therewith, each of the Authorized Officers is, with power of delegation, hereby authorized and directed to execute appropriate retention agreements, to pay appropriate retainers, and to cause to be filed an appropriate application for authority to retain PJT in accordance with applicable law; and it is

FURTHER RESOLVED, that each of the Authorized Officers be, and hereby is, authorized and directed to employ the firm of AlixPartners, LLP ("AlixPartners"), as financial advisor, to represent and assist the Filing Entities in carrying out their duties under the Bankruptcy Code, and to take any and all actions to advance the Filing Entities' rights and remedies; and, in connection therewith, each of the Authorized Officers is, with power of delegation, hereby authorized and directed to execute appropriate retention agreements, to pay appropriate retainers, and to cause to be filed an appropriate application for authority to retain AlixPartners in accordance with applicable law; and it is

FURTHER RESOLVED, that each of the Authorized Officers be, and hereby is, authorized and directed to employ Prime Clerk LLC ("Prime Clerk"), as notice, claims, and solicitation agent, and as administrative advisor, to represent and assist the Filing Entities in carrying out their duties under the Bankruptcy Code, and to take any and all actions to advance the Filing Entities' rights and remedies; and, in connection therewith, each of the Authorized Officers, with power of delegation, is hereby authorized and directed to execute appropriate retention agreements, to pay appropriate retainers, and to cause to be filed an appropriate application for authority to retain Prime Clerk in accordance with applicable law; and it is

FURTHER RESOLVED, that each of the Authorized Officers be, and hereby is, authorized and directed to employ the firm of Ernst & Young LLP ("E&Y"), as auditor, to represent and assist the Filing Entities in carrying out their duties under the Bankruptcy Code, and to take any and all actions to advance the Filing Entities' rights and remedies; and, in connection therewith, each of the Authorized Officers is, with power of delegation, hereby authorized and directed to execute appropriate retention agreements, to pay appropriate retainers, and to cause to be filed an appropriate application for authority to retain E&Y in accordance with applicable law; and it is

FURTHER RESOLVED, that each of the Authorized Officers be, and hereby is, authorized and directed to employ the firm of KPMG LLP ("KPMG"), as tax consultant, to represent and assist the Filing Entities in carrying out their duties under the Bankruptcy Code, and to take any and all actions to advance the Filing Entities' rights and remedies; and, in connection therewith, each of the Authorized Officers is, with power of delegation, hereby authorized and directed to execute appropriate retention agreements, to pay appropriate retainers, and to cause to be filed an appropriate application for authority to retain KPMG in accordance with applicable law; and it is

FURTHER RESOLVED, that each of the Authorized Officers be, and hereby is, authorized and directed to employ the firm of Kobre & Kim LLP ("K&K"), as special counsel, to represent and assist the Filing Entities in carrying out their duties under the Bankruptcy Code, and to take any and all actions to advance the Filing Entities' rights and remedies; and, in connection therewith, each of the Authorized Officers is, with power of delegation, hereby authorized and directed to execute appropriate retention agreements, to pay appropriate retainers, and to cause to be filed an appropriate application for authority to retain K&K in accordance with applicable law; and it is

FURTHER RESOLVED, that each of the Authorized Officers be, and hereby is, authorized and directed to employ any other professionals to assist the Filing Entities in carrying out their duties under the Bankruptcy Code; and, in connection therewith, each of the Authorized Officers, with power of delegation, is hereby authorized and directed to execute appropriate retention agreements, to pay appropriate retainers, and to cause to be filed an appropriate application for authority to retain the services of any other professionals as necessary, appropriate, or desirable, including (without limitation) special counsel to the extent determined necessary, appropriate, or desirable; and it is

FURTHER RESOLVED, that each of the Authorized Officers be, and hereby is, with power of delegation, authorized, empowered, and directed to execute and file all petitions, schedules, motions, lists, applications, pleadings, and other papers and, in connection therewith, to employ and retain legal counsel, accountants, financial advisors, restructuring advisors, and

other professionals and to take and perform any and all further acts and deeds that each of the Authorized Officers deem necessary, appropriate, or desirable in connection with the Chapter 11 Cases.

**GENERAL RESOLUTIONS**

RESOLVED, that in addition to the specific authorizations heretofore conferred upon the Authorized Officers, each of the Authorized Officers (and their designees and delegates) be, and hereby is, authorized and empowered, in the name of and on behalf of each Filing Entity, to take or cause to be taken any and all such other and further action, and to execute, acknowledge, deliver, and file any and all such agreements, certificates, instruments, and other documents and to pay all expenses, including but not limited to filing fees, in each case as in such Authorized Officer's or Authorized Officers' judgment, shall be necessary, appropriate, or desirable in order to fully carry out the intent and accomplish the purposes of the Resolutions adopted herein; and it is

FURTHER RESOLVED, that the Company is authorized to file or record (or consent to the filing or recordation of) financing statements and other filing or recording documents or instruments with respect to the assets transferred pursuant to the Payoff Agreement or pledged pursuant to the Reimbursement Agreement without the signature of the Company in such form and in such offices as appropriate to perfect any security interests created under the Payoff Agreement and the Reimbursement Agreement; and it is

FURTHER RESOLVED, that any and all acts, transactions, agreements or certificates previously signed or otherwise entered into on behalf of the Company by any Authorized Officer or by any employees or agents of the Company in connection with or in furtherance of the foregoing resolutions be, and they hereby are, in all respects approved, adopted, confirmed and ratified as the true acts and deeds of the Company with the same force and effect as if each such act, transaction, agreement or certificate had been specifically authorized in advance by resolution of the Board and that such person did execute the same; and it is

FURTHER RESOLVED, that the Board has received sufficient notice of the actions and transactions relating to the matters contemplated by the foregoing Resolutions, as may be required by the organizational documents of any Filing Entity, or hereby waives any right to have received such notice; and it is

FURTHER RESOLVED, that all acts, actions, and transactions relating to the matters contemplated by the foregoing Resolutions done in the name of and on behalf of the Filing Entities, which acts would have been approved by the foregoing Resolutions except that such acts were taken before the adoption of these Resolutions, are hereby in all respects approved, confirmed and ratified as the true acts and deeds of the Filing Entities with the same force and effect as if each such act, transaction, agreement, or certificate had been specifically authorized in advance by resolution of the Board; and it is

FURTHER RESOLVED, that each of the Authorized Officers (and their designees and delegates) be and hereby is, authorized and empowered to take all actions or to not take any action in the name of and on behalf of the Filing Entities with respect to the transactions contemplated by these Resolutions hereunder as such Authorized Officer shall deem necessary, appropriate, or

desirable in such Authorized Officer's reasonable business judgment as may be necessary, appropriate, or desirable to effectuate the purposes of the transactions contemplated herein.

**Schedule 1**

**Filing Subsidiaries of Covia Holdings Corporation**

| Subsidiary | Jurisdiction of Formation |
|---|:---:|
| Alpha Resins, LLC | Ohio |
| Best Sand Corporation | Ohio |
| Best Sand of Pennsylvania, Inc. | Ohio |
| Bison Merger Sub I, LLC | Delaware |
| Black Lab LLC | Ohio |
| Cheyenne Sand Corp. | Michigan |
| Construction Aggregates Corporation of Michigan, Inc. | Michigan |
| Covia Finance Company LLC | Delaware |
| Covia Specialty Minerals Inc. | Delaware |
| Fairmount Logistics LLC | Texas |
| Fairmount Minerals, LLC | Ohio |
| Fairmount Santrol Inc. | Delaware |
| FML Resin, LLC | Ohio |
| FML Sand, LLC | Ohio |
| FML Terminal Logistics, LLC | Ohio |
| FMSA Inc. | Delaware |
| Mineral Visions Inc. | Ohio |
| Self-Suspending Proppant LLC | Delaware |
| Shakopee Sand LLC | Minnesota |
| Specialty Sands, Inc. | Michigan |
| Standard Sand Corporation | Michigan |

*Schedule 1 to the Board Resolutions of*
*Covia Holdings Corporation*

| | |
|---|---|
| TechniSand, Inc. | Delaware |
| Wedron Silica Company | Ohio |
| West Texas Housing LLC | Delaware |
| Wexford Sand Co. | Michigan |
| Wisconsin Industrial Sand Company L.L.C. | Delaware |
| Wisconsin Specialty Sands, Inc. | Texas |